UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | Case No. 2:15-CV-909 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| ALEX BEREZOVSKY, et al., | |
| Defendant(s). | |

Presently before the court is defendant Tanglewood Homeowners Association's ("Tanglewood") motion to dismiss. (Doc. #7). Plaintiff Nationstar Mortgage, LLC ("Nationstar") filed a response (doc. #9), and Tanglewood filed a reply. (Doc. #14).

**I. Background**

The present case involves a dispute over real property located at 6529 Hartwood Road in Las Vegas, Nevada (the "property"). (Doc. #7). Curtis and Gaye Ann Barschdorf (the "Barschdorfs") purchased the property on December 29, 2005. (Doc. #1). The Barschdorfs financed the purchase with a $230,800.00 loan from Countrywide Home Loans, Inc. ("Countrywide"). (*Id.*). Federal Home Loan Mortgage Corporation ("Freddie Mac") is the investor on the senior deed of trust. (*Id.*).

The senior deed of trust was assigned to Nationstar on February 28, 2013. (*Id.*). Nationstar states that the Barschdorfs still have an unpaid principal balance due on the loan in excess of $230,800.00, which they have failed or refused to pay. (*Id.*).

At some point, the Barschdorfs stopped paying their HOA dues to Tanglewood. On June 29, 2010, Tanglewood filed a notice of delinquent assessment lien on the property. (*Id.*). On March 15, 2013, Tanglewood recorded a notice of default and election to sell the property under its HOA

**James C. Mahan**
**U.S. District Judge**

lien. (*Id.*). On May 8, 2013, Nationstar recorded a notice of default and election to sell the property under its deed of trust. (*Id.*).

On August 22, 2013, Tanglewood recorded a notice of trustee's sale. (*Id.*). Tanglewood held its foreclosure sale on October 8, 2013, and Berezovsky purchased the foreclosure deed to the property for $5,100.00. (Doc. # 1). The deed was recorded on October 22, 2013. (*Id.*).

Thereafter, Nationstar filed the instant complaint asserting four causes of action: (1) declaratory relief/quiet title; (2) unjust enrichment; (3) injunctive relief against defendant Berezovsky; and (4) violation of procedural due process. (Doc. # 1).

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. At 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitations of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Tanglewood argues N.R.S. § 38.310 requires a court to dismiss any claim relating to the interpretation, application, or enforcement of CC & Rs if the plaintiff has not first mediated its claim before the Nevada Real Estate Division ("NRED"). (Doc. # 7 at 1).

*a. NRS § 38.320's mediation requirement*

Tanglewood states that Nationstar's claims for quiet title and unjust enrichment should be dismissed because these claims were not previously submitted to the NRED mediation program as required by N.R.S. § 38.310. (Doc. #7). Nationstar asserts that its claims are exempt from the mediation requirements of N.R.S. § 38.310 because it is an action relating to the title to residential property. (Doc. #9).

N.R.S. § 38.320 states, "[a]ny civil action described in N.R.S. § 38.310 must be submitted to mediation or referred to a program by filing a written claim with the Division." Section 38.310 provides that,

> No civil action based upon a claim relating to: (a) [t]he interpretation, application, or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association...may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provision of NRS 38.300 to 38.360, inclusive.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Under N.R.S. § 38.300(3), a civil action includes "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property."

### i. Unjust enrichment

N.R.S. § 38.300(3) defines a "civil action" as including any actions for monetary damages or equitable relief. "[U]njust enrichment is an equitable remedy." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093 (9th Cir. 2003). To establish a claim for unjust enrichment, a plaintiff must allege that a defendant has and retains a benefit, which in equity and good conscience belongs to the plaintiff. *Coury v. Robinson*, 115 Nev. 84, 90 (1999).

The Nevada Supreme Court's discussion of slander of title in *McKnight* is instructive on whether unjust enrichment qualifies as a civil action. *McKnight*, 310 P.3d at 559. A claim for unjust enrichment qualifies as a "civil action" under N.R.S. § 38.300(3) "because it exists separate from the title to land." *Id*. Consequently, Nationstar must first submit any claims for unjust enrichment through mediation as required by N.R.S. § 38.310(1)(b) before proceeding with such a claim in this court. *See e.g.*, *1597 Ashfield Valley Trust v. Fed. Nat. Mortgage Ass'n Sys.*, No. 2:14-cv-2123-JCM-CWH, 2015 WL 4581220, at *5-6 (D. Nev. July 28, 2015); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Therefore, Nationstar's claim for unjust enrichment is dismissed without prejudice.

### ii. Quiet title and declaratory relief

A claim to quiet title is exempt from N.R.S. § 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557. The court noted that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in N.R.S. § 38.300(3), and was therefore exempt from the requirements of N.R.S. § 38.310. *Id*. at 559.

James C. Mahan
U.S. District Judge

Nationstar's quiet title claim does not fall within N.R.S. § 38.300(3)'s definition of a civil action and is therefore not subject to N.R.S. § 38.310's mediation requirement. Accordingly, the court denies Tanglewood's motion to dismiss Nationstar's claim to quiet title for failure to participate in the NRED mediation program.

In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." N.R.S. § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.,* 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas,* 973 F.2d 803, 808 (9th Cir.1992)).

Defendant Tanglewood asserts that it does not have a current adverse interest in the property as required by a plea to quiet title under NRS 40.010 and asks the court to dismiss it from this action. (Doc. #7). Tanglewood states that it never made a claim to title, defendant Berezovsky is the current holder of title, so Nationstar's quiet title claim is inapplicable as to defendant Tanglewood. (*Id.*).

This court dismissed a similar quiet title claim against an HOA and its agent, because neither entity claimed any interest in the property. *See Bayview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC*, 2015 WL 2019067, at *3 (D. Nev. May 1, 2015) (citing *Anthony v. Todd,* No. 3:14-cv-649, 2015 WL 1334375, at *5 (D. Nev. Mar. 25, 2015) (Jones, J.)). In that case, the dispute as to the title was between the purchaser at the HOA foreclosure sale and the holder of a prior mortgage. *Id.* at *1. The deed of trust holder in that case did not ask the court to unwind the HOA foreclosure sale but only to declare that the deed of trust survived.

However, the relief sought in this case is more akin to *Nationstar Mortgage, LLC v. Falls at Hidden Canyon Homeowners Ass'n*. 2015 WL 7069298, at *3 (D. Nev. Nov. 12, 2015); *see also U.S. Bank, N.A. v. Ascente Homeowners Ass'n,* 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). In these cases, plaintiffs challenge the validity of the foreclosure sale, and the remedies sought in

**James C. Mahan**
**U.S. District Judge**

- 5 -

these actions include declarations that the sale was invalid and that the sale did not extinguish the senior deed of trust.

Under Fed. R. Civ. P. 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." FED.R.CIV.P. 19(a)(1).

The court cannot dismiss Tanglewood as a party to the quiet title action based on Nationstar's current allegations and relief sought. Tanglewood has a present interest in the property because Nationstar alleges that the HOA foreclosure sale is void. *See U.S. Bank, N.A.* 2015 WL 8780157, at *2. If Nationstar succeeds in invalidating the sale, ownership of the property would revert to Curtis and Gaye Barschdorf, Berezovsky would be entitled to recover from the HOA, and the HOA's lien against the property would be restored. Consequently, at this point, it appears that Tanglewood is, at least nominally, a necessary party to the suit. *See Nationstar Mortgage* 2015 WL 7069298, at *3. Tanglewood's motion to dismiss is therefore denied with respect to plaintiff's quiet title claim.

b. Due process

Tanglewood asks the court to dismiss the quiet title claim against it insofar as it relies on a due process theory. Tanglewood argues that Nationstar's procedural due process claim was rejected in *SFR Investments Pool 1 v. U.S. Bank* or, alternatively, that Nationstar had actual notice of Tanglewood's lien. (Doc. #7). Nationstar did not respond to Tanglewood's claim.

"The failure of the opposing party to file points and authorities in response to any motion shall constitute a consent to granting the same." D. Nev. 7-2(d). This failure-to-oppose rule does not apply solely to failure to file a physical document, but also to failure to assert in an opposition arguments that oppose those presented in the motion. *See, e.g., Duensing v. Gilbert*, 2013 WL 1316890 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on the issue

James C. Mahan
U.S. District Judge

- 6 -

constituting consent to the granting of the motion); *Schmitt v. Furlong*, 2013 WL 432632 (D. Nev. Feb. 4, 2013) (failure to argue against substantive due process violations indicated consent to granting summary judgment); *Gudenavichene v. Mortgage Elec. Registration Sys.*, 2012 WL 1142868 (D. Nev. Apr. 4, 2012) (plaintiff's failure to respond to any of the arguments raised in the motion to dismiss constituted consent to granting the motion). As Nationstar has not responded to Tanglewood's arguments against the alleged procedural due process violation, it appears that Nationstar has abandoned the claim. Accordingly, the court dismisses Nationstar's procedural due process claim against Tanglewood without prejudice.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Tanglewood's motion to dismiss (doc. #7), be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

DATED March 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**