UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | Case No. 2:15-CV-909 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| ALEX BEREZOVSKY, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff/counterdefendant Nationstar Mortgage, LLC's ("Nationstar") motion for reconsideration. (ECF No. 66).

Also before the court is Nationstar's motion to stay. (ECF No. 67).

Also before the court is Nationstar's and defendant/counterclaimant Alex Berezovsky's ("Berezovsky") stipulation to extend time. (ECF No. 69).

As an initial matter, the court finds no response necessary and further finds the instant motions properly resolved without oral argument. *See* LR 78-1. As such, the parties' stipulation will be denied.

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).

**James C. Mahan**
**U.S. District Judge**

"Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

Nationstar seeks reconsideration of the court's order (ECF No. 65) entered on February 13, 2017. (ECF No. 66). Nationstar argues that because the parties' briefing on the summary judgment motions ruled upon in the court's February 13th order were completed before the Ninth Circuit issue its decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"), the instant "case would benefit from additional briefing on [*Bourne Valley*]." (ECF No. 66 at 2).

Importantly, because the court's February 13th order was issued after and considered the *Bourne Valley* decision, Nationstar's argument is insufficient to warrant a grant of its motion for reconsideration. More specifically, Nationstar fails to set forth any newly discovered evidence, intervening change in controlling law, or clear error as required. *See School Dist. No. 1J*, 5 F.3d at 1263; Fed. R. Civ. P. 60(b).

Nationstar further contends that reconsideration is proper because the HOA notices did not identify the superpriority portion of the lien. (ECF No. 66). This contention similarly fails to support its motion for reconsideration because the version of NRS 116.31162 in effect at the times relevant to these notices does not require the notices to specify the superpriority portion of the lien. More specifically, it merely required a notice of default to "[d]escribe the deficiency in payment." Nev. Rev. Stat. § 116.31162(1)(b)(1) (eff. to Sept. 30, 2013). A subsequent amendment added additional language requiring the notice of default to include a separate statement of the amount of a HOA's superpriority lien. See Nev. Rev. Stat. § 116.31162(1)(b)(1)–(2) (eff. Oct. 1, 2015).

Accordingly, because Nationstar has failed to show that "highly unusual circumstances" exist to warrant reconsideration, the court will deny its motion (ECF No. 66). *See Kona Enters., Inc.*, 229 F.3d at 890.

Further, the court will deny Nationstar's motion to stay the pretrial order deadline. (ECF No. 67). Pursuant to the court's scheduling order, the parties were required to submit a proposed joint pretrial order on or before thirty days after the court's decision on dispositive motions. (ECF

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  No. 34).  The court's order on dispositive motions was entered on February 13, 2017 (ECF No.
2  65), rendering the proposed joint pretrial order due by March 15, 2017.  Nationstar's motion to
3  stay requests that the court stay the parties' proposed joint pretrial order deadline until thirty (30)
4  days after the court's decision on Nationstar's motion for reconsideration, a non-dispositive
5  motion.  (ECF No. 67).

6  Accordingly,

7  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Nationstar's motion for
8  reconsideration (ECF No. 66) be, and the same hereby is, DENIED.

9  IT IS FURTHER ORDERED that Nationstar's motion to stay (ECF No. 67) be, and the
10 same hereby is, DENIED.

11 IT IS FURTHER ORDERED that the parties shall file a proposed joint pretrial order that
12 complies with the applicable local rules within fourteen (14) days of the entry of this order.

13 IT IS FURTHER ORDERED that Nationstar's and Berezovsky's stipulation to extend time
14 (ECF No. 69) be, and the same hereby is, DENIED.

15 DATED March 16, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**