UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NATIONSTAR MORTGAGE, LLC,

                    Plaintiff,

v.

VAL GRIGORIAN, *et al.*,

                    Defendants.

Case No. 2:15-cv-00909-JCM-CWH

ORDER

Presently before the court is Val Grigorian's application for entry of default judgment against defendants Curtis Barschdorf, Gaye Ann Barschdorf, and Richland Holdings, Inc., dba Acctcorp of Southern Nevada. (ECF No. 98). Grigorian asks the court, in its default judgment, to quiet title against these parties and declare that they have no right, title, or interest in the subject property commonly known as 6529 Hartwood Road, Las Vegas, NV 89108, APN 138-14-412-137, and that Grigorian has quiet title to the property vis-à-vis these parties.

**I.    Facts and Procedure**

On or about December 29, 2005, counterdefendants Curtis and Gaye Ann Barschdorf purchased the property subject to this action located at 6529 Hartwood Road, Las Vegas, 89108. (ECF No. 1). The Barschdorfs purchased the home by way of a first mortgage loan from Countrywide Home Loans, Inc., for $230,800.00, secured by a deed of trust dated November 15, 2006. *Id.* The senior deed of trust was assigned to Nationstar Mortgage, LLC via an assignment of deed of trust executed February 28, 2013. *Id.*

The Barschdorfs failed to pay Tanglewood HOA all amounts due and owing to it. *Id.* On June 29, 2010, HOA filed a notice of delinquent assessment lien. *Id.* On March 15, 2013, HOA

recorded a notice of default and election to sell. *Id.*

HOA foreclosed on the property on or about October 8, 2013. *Id.* Alex Berezovsky purchased the property at the foreclosure sale for $5,100. *Id.*

On May 13, 2015, Nationstar Mortgage, LLC filed the complaint in the instant action against Alex Berezovsky and Tanglewood Homeowners Association. (ECF No. 1). The parties later substituted Alex Berezovsky for defendant Val Grigorian. (ECF No. 82).

On October 2, 2015, defendant Alex Berezovsky filed an answer to Nationstar's complaint and counterclaimed quiet title against Curtis Barschdorf, Richard Holdings, Inc. dba Acctcorp of Southern Nevada, and Gaye Ann Barschdorf. (ECF No. 22). Berezovsky alleged that these counterdefendants held an interest in the property at one time, but at least since Berezovsky purchased the property through the HOA foreclosure sale, they no longer do. *Id.*

Berezovsky served Richland Holdings, Inc. on October 13, 2015. (ECF No. 35). Richland's answer was due by November 3, 2015. *Id.* Richland never filed an answer.

Berezovsky served Curtis Barschdorf and Gaye Ann Barschdorf on October 11, 2015. (ECF Nos. 40, 41). Their answers were due by December 2, 2015. (ECF Nos. 40, 41). Curtis Barschdorf and Gaye Ann Barschdorf never filed an answer.

Over a year later, the parties' pretrial order did not mention the counterdefendants (the Barschdorfs and Richland) except in the caption of the order. (ECF No. 77).

On August 16, 2017, Nationstar entered a notice of settlement indicating that Nationstar, Grigorian, and Tanglewood "have reached a resolution of this matter and a settlement in principal. The parties anticipate filing a Stipulation for Dismissal of the Action, with prejudice, within 60 days." (ECF No. 91).

On September 13, 2017—nearly two years after service of process—Grigorian filed a motion for entry of clerk's default with regard to Grigorian's counterclaim against the Barschdorfs and Richland. (ECF No. 96). The next day, the clerk entered default. (ECF No. 97). On September 18, 2017, less than a month before the parties' scheduled trial date, Grigorian moved for default judgment against the counterdefendants. (ECF No. 98).

/ / /

## II. Legal Standard

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the court should consider the seven factors set forth in *Eitel*: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. 782 F.2d at 1471–72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(d).

## III. Discussion

Counterdefendants Curtis and Gaye Ann Barschdorf and Richland Holdings have never appeared in this action despite being served summons two years ago. After considering the relevant factors, including (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits, this court enters default judgment against the counterdefendants.

If default is not entered now, there is a possibility of prejudice to Grigorian because he may have to defend against future claims by these parties. The merits of Grigorian's claim against the counterdefendants is plausible. The amount of money at stake is large, measured by

the value of the title of the property subject to this action. There is no possibility of a dispute concerning the material facts now that default has been entered against the counterdefendants, who have had ample opportunity to join in this action and defend their interests, if any, in the subject property. Further, the default was not due to excusable neglect; the record shows that the counterdefendants were property served summons two years ago, have been given every opportunity to defend themselves, and still have not appeared in the action.

Finally, although federal courts generally favor a decision on the merits, the counterdefendants here have had every opportunity to assert their right to a merits determination of their interests in the subject real property and elected to forgo that right. Requiring a ruling on the merits under these circumstances would serve an injustice to the other parties in this action who have diligently participated in the requirements of this litigation at every step. Therefore, default judgment on Grigorian's counterclaim against Curtis Barschdorf, Gaye Ann Barschdorf, and Richland Holdings, Inc. dba Acctcorp of Southern Nevada is appropriate and is granted, with minor limitations on Grigorian's requested relief, as shown below.[1]

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED that Grigorian's motion for default judgment (ECF No. 98) is GRANTED.

IT IS FURTHER ORDERED that any and all title, claims, rights, or interests in the real properly commonly known as 6529 Hartwood Road, Las Vegas, Nevada 89108, APN 138-14-412-137, and more particularly described at ECF No. 98-1 at 15 ("Exhibit 'A'") vested in, held, or otherwise claimed by Curtis Barschdorf, Gaye Ann Barschdorf, and Richland Holdings, Inc. dba Acctcorp of Southern Nevada, is quieted, extinguished, dissolved, and otherwise terminated.

---

[1] Specifically, this order avoids declaring the HOA sale valid or invalid in order to avoid affecting plaintiff Nationstar's interest relative to Grigorian's interest, as there has been no adjudication on the merits of those issues and the parties have indicated that they have reached a settlement on those issues. Therefore, this court's quiet title relief against the counterdefendants here states only what is necessary, that the counterdefendants have no interest in the subject property and that Grigorian's interest, if any, exists free and clear of any and all claims, rights, and interests to the property claimed by the counterdefendants named herein.

4

IT IS FURTHER ORDERED and DECREED that Val Grigorian's interest, if any, in the above-described property exists free and clear of any and all claims, rights, and interests to the to the property claimed, or that could have been claimed, by Curtis Barschdorf, Gaye Ann Barschdorf, and Richland Holdings, Inc. dba Acctcorp of Southern Nevada.

IT IS FURTHER ORDERED that the clerk is directed to terminate defendant "Hometown West II HOA" because this party appeared in this action by mistake, and has no interest or role in this case.

DATED THIS 18th day of October, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE